## RICE *v.* MADDOCK.

*(Common Pleas of New York City and County, General Term.    April 7, 1890.)*

PARTNERSHIP—DISSOLUTION—EVIDENCE.

In an action to establish a copartnership between plaintiff's intestate and defendant, and for an accounting, it appeared that prior to April, 1874, intestate had drawn out of or received from the business an amount equal to his advances; that after that date he ceased to take any part in the management of the business, or to exercise control over it; that defendant continued the business in the original place until 1877, when she removed to premises fitted up by her, and continued the business with one R.; that on October 1, 1874, intestate, in his capacity as insurance broker, procured insurance upon the property in the name of defendant as owner, and in 1879 procured a policy in the names of defendant and R., and rendered a bill for such insurance, and received and receipted payment; and that between 1874 and 1879 intestate borrowed small sums from defendant, which were not entered in the books of the business. No claim was made by intestate that he continued to be a partner with defendant. *Held* sufficient to sustain a finding that the partnership was dissolved on or before October 1, 1874.

Appeal from judgment on report of referee.

Action by Helen A. Rice, as administratrix of Clement T. Rice, against Alice Maddock. There was judgment for defendant, from which plaintiff appeals. For former reports, see 5 N. Y. Supp. 958; 7 N. Y. Supp. 632.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Backus & Manne,* (*Thos. C. E. Ecclesine,* of counsel,) for appellant. *Alex. Lamont,* (*Joseph Fettretch,* of counsel,) for respondent.

DALY, J. This action was brought to establish a copartnership between Clement T. Rice, the plaintiff's intestate, and the defendant, Alice Maddock, and for an accounting of the copartnership transactions. The referee found that in November, 1869, Rice became a partner of the defendant and one Browning in conducting the business of a Russian bath and boarding establishment; that in the same month Browning withdrew, and Rice and the defendant continued the business thereafter, but that prior to April 26, 1874, Rice had drawn out of or received from the business, including certain charges for board made in the ledger against him, an amount equal to his advances, and that it does not appear that after the last-named date he took any part in the management of the business, or exercised any control over it, or drew out or received any money on account of any share or interest in it; that from April 26, 1874, to the year 1877, defendant continued the business in the original place on Fourth street, and in the latter year removed to Lafayette place, to premises fitted up by her, and since October 1, 1877, has conducted the business there, in conjunction with one Ryan, under the firm name of Capes & Ryan. The referee further finds that between May 3, 1874, and July 4, 1879, Rice borrowed small sums from defendant or the last-named firm, which sums were not entered in the books of the business, except that a memorandum of the loan was made in the daily cash-book, and carried therein from day to day till paid; that on October 1, 1874, Rice, in his capacity of insurance broker, (in which business he was, and had been for many years, engaged,) procured a policy of insurance upon the property of the bathing establishment in the name of the defendant as owner, and on October 1, 1875, procured a renewal thereof, and on October 1, 1879, procured a policy in the names of Capes & Ryan as owners, and on November 18, 1879, rendered a bill to them for such insurance, and received and receipted payment.

Upon these facts, the referee found that the copartnership between Rice and the defendant was dissolved as early as October 1, 1874, and that the cause of action for an accounting was barred by the statute of limitations; the action not having been commenced until the year 1886. I do not think that I could have come to any other conclusion, upon the evidence in the case, hant

that reached by the referee with respect to the termination of all business relations between the defendant and the deceased in the year 1874, or prior thereto. The statement of the facts as found by the referee is sufficient reason for his decision. The acts of the deceased after the last-named date were wholly inconsistent with the claim now made by his administratrix, (but never made by him, as far as can be ascertained,) that he continued to be a copartner of the defendant. He did not die until January, 1884; and it is a perfectly fair inference from the facts that, if he had had any interest in the business, he would have asserted it, or at least there would be some indisputable evidence of it during the 10 years prior to his death, and that, if there had been any right to an accounting with the defendant, he would have enforced it during the same period. The facts disclosed leave no room to doubt that not only was the copartnership dissolved, but that a final settlement was had between the parties. The *onus* was, of course, upon the defendant to show a dissolution, but it was satisfactorily shown. The finding by the referee that from October, 1871, the deceased gradually withdrew from the active management of the business, and left it in the hands of his copartner and of Ryan, their manager, is not inconsistent with the other findings. There is direct evidence, given by Ryan, of a settlement with deceased in full on behalf of defendant on April 26, 1874, and that the subsequent monetary transactions with deceased were in borrowing and repaying small sums of money. The accounts in evidence fully bear out this testimony. In no other way can the entries of small sums, almost always tallying in amount, within a few days of each other as to date of entry, be explained. It is hardly credible that these were advances to the copartnership, and drafts against his account as copartner. The appellant claims that taking out insurance in the name of the defendant Mrs. Capes, and afterwards of Capes & Ryan, was not significant, because it appears that he did not begin in 1874 to insure in her name, but always from 1869; but there is no evidence that prior to 1874 he took out policies in her name. Ryan swears only that when he went there, in 1871, deceased was attending to her insurance. How the policies were taken out does not appear. The ledger account was closed on April 26, 1874; but appellant urges that there is no proof that this was done with deceased's knowledge and consent. To this it may be answered that it is hardly probable that, if deceased remained a partner, he would or could remain in ignorance on this point.

The statute of limitations, as set up in the answer, was pleaded to the whole cause of action as alleged in the complaint, and does not refer, as appellant argues, to the "money counts." The complaint alleges but one cause of action, and that is for an accounting of the copartnership. It is, however, objected that the settlement of April 26, 1874, closed only the account for borrowed money, and was not a settlement of the copartnership accounts. It appears, however, from the transactions at and preceding that date, that there was nothing left unsettled at and after that date, and the settlement was final between the parties as to all dealings between them. I think the judgment should be affirmed, with costs. All concur.